UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



OLUWASEGUN OGUN,

        Petitioner,

v.                    CIVIL ACTION NO. 4:13cv91
                     [ORIGINAL CRIMINAL NO. 4:12cr4]

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND FINAL ORDER

This matter comes before the court on the Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion for Habeas Corpus"), filed on June 24, 2013, ECF No. 94, and Memorandum in Support, filed on August 12, 2013. ECF No. 107. For the reasons stated herein, the remaining claim in the Motion for Habeas Corpus, Ground One: ineffective assistance of counsel for failure to file a notice of appeal, is **DISMISSED** and the Motion for Habeas Corpus is **DENIED** in its entirety.

### I. Procedural History

On March 22, 2012, the Petitioner, pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C),[1]

---

[1] Federal Rule of Criminal Procedure 11(c)(1)(C), allows plea agreements in which the attorney for the United States agrees "that a specific sentence or sentencing range is the appropriate

pled guilty to Counts One, Five, and Six of an eight-count Indictment: Count One, which charges him with Conspiracy to Obstruct, Delay and Affect Commerce by Robbery, in violation of 18 U.S.C. § 1951(a); Count Five, which charges him with Possess, Use, Carry and Brandish a Firearm During a Crime of Violence and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A); and Count Six, which charge him with Possess, Use, Carry and Brandish a Firearm During a Crime of Violence and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A) and 2. See Plea Agreement Hearing, ECF No. 38. In the Plea Agreement, the Petitioner waived his right to appeal his conviction and sentence at paragraph six. See Plea Agreement ¶ 6, ECF No. 39. During his plea colloquy on March 22, 2012, the Petitioner stipulated to, initialed, and signed the Plea Agreement and Statement of Facts, which were filed in open court on that same day. The magistrate judge accepted the Petitioner's plea. See Order Accepting Plea, ECF No. 42. Nothing in the record before the court shows that the Petitioner did not understand the contents of his Plea Agreement. A presentence investigation report ("PSR") was prepared on May 21, 2012, and

---

disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply." Rule 11 further provides that "such a recommendation or request binds the court once the court accepts the plea agreement." Fed. R. Crim. P. 11(c)(1)(C).

an addendum was filed on June 18, 2012. ECF Nos. 43, 47. The Petitioner did not file any objections to the PSR. See PSR at A-1.

On June 27, 2012, the court adjudged the Petitioner guilty and sentenced him to four hundred twenty-one (421) months imprisonment followed by five (5) years of supervised release. See J., ECF No. 60.[2] The Petitioner did not appeal his conviction, although he now claims that he asked defense counsel to do so. See Mem. Supp. at 5; Pet'r's First Aff. at 1, ECF No. 152; Pet'r's Revised Aff. at 1, ECF No. 154.

The Petitioner filed the pro se Motion for Habeas Corpus on June 24, 2013, alleging numerous grounds for relief. By Order of November 6, 2013, ECF No. 120, the court directed the United

---

[2] The Petitioner was sentenced in accordance with the terms of his Plea Agreement. In the Plea Agreement, the parties stipulated to a base offense level of 22 for Count One, and the agreed upon disposition did not affect the mandatory minimum consecutive sentences on Counts Five and Six, the supervised release terms, or the fines imposed by the court. See Plea Agreement ¶ 5.
Count One, which did not carry a mandatory minimum, was subject to an advisory guideline range of ninety-seven (97) to one hundred twenty-one (121) months imprisonment; Count Five carried a mandatory minimum term of imprisonment of eighty-four (84) months; Count Six carried a mandatory minimum term of imprisonment of three hundred (300) months. See PSR ¶ 69. The Petitioner received a sentence of thirty-seven (37) months imprisonment on Count One, a sentence far below the guideline range, and the mandatory minimum sentences of eighty-four (84) months on Count Five, and three hundred (300) months imprisonment on Count Six, all to be served consecutively to Count One. See J. at 2.

3

States and Mr. Kimball and Ms. Katchmar (collectively, "defense counsel") to file responsive pleadings to the Petitioner's Motion for Habeas Corpus, which defense counsel did on January 6, 2014, see Defense Counsel Aff., ECF No. 124, and which the United States did on February 4, 2014. See Gov't's Mem. Opp'n, ECF No. 137.

On July 16, 2014, by Memorandum Order, the court dismissed all claims except Ground One: ineffective assistance of counsel for failure to file a notice of appeal. ECF No. 150. In that Memorandum Order, the court granted the Petitioner thirty (30) days to develop the factual basis for his claim by filing a sworn statement under penalty of perjury that he specifically and unequivocally asked Mr. Kimball and/or Ms. Katchmar to file a timely notice of appeal, and to describe the facts and circumstances of such request.

On August 4, 2014, the Petitioner filed an Affidavit in response to the court's Memorandum Order. See Pet'r's First Aff. In his First Affidavit, the Petitioner did not make a "sworn statement under penalty of perjury," and he did not describe in detail the facts and circumstances of such a request. He simply stated that "following sentencing in the holding cell of the United States Marshal[s], I instructed counsel to file a notice of appeal in which he declined to follow my request." Id. at 1.

On August 13, 2014, the court issued an Order and directed the Petitioner to re-file his submission and sign and certify himself that the submission is a sworn statement made under penalty of perjury. Order, ECF No. 153. On August 28, 2014, the Petitioner re-filed his submission, in which he declared under penalty of perjury that he requested defense counsel to file a notice of appeal. Pet'r's Revised Aff. at 1.

In an Order dated September 11, 2014, the court granted a limited evidentiary hearing to determine whether, in fact, the Petitioner requested that defense counsel file a timely notice of appeal. ECF No. 155. Harry Harmon, Esquire, was appointed to represent the Petitioner at the hearing. ECF No. 157. On November 14, 2014, the court held an evidentiary hearing because the material fact in dispute, whether the Petitioner requested that Mr. Kimball and/or Ms. Katchmar file a timely notice of appeal, could not be resolved on the basis of contradictory affidavits before the court.[3] The sole surviving claim in his Motion for Habeas Corpus, Ground One: ineffective assistance of

---

[3] The Court of Appeals for the Fourth Circuit has found that "[w]hen the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive." Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970).

counsel for failure to file a notice of appeal, is now ripe for review.[4]

## II. Ineffective Assistance of Counsel Standard of Review

To prevail on a claim of ineffective assistance of counsel, a petitioner must show both that counsel's performance "fell below an objective standard of reasonableness," and that the petitioner was thereby prejudiced, meaning that in the absence of such deficient performance, "the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

"[A]n attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's <u>unequivocal</u> instruction to file a <u>timely</u> notice of appeal even though the defendant may have waived his right to challenge his conviction and sentence in the plea agreement." United States v.

---

[4] Before the hearing and before the court could rule on his sole surviving claim in the Motion for Habeas Corpus, the Petitioner filed a <u>pro se</u> "Motion for a New Trial Pursuant to Federal Rule Criminal Procedure 33" ("Motion for a New Trial") on September 29, 2014, ECF No. 158, in which he reiterated the same allegations previously stated in his Motion for Habeas Corpus, which the court dismissed by Memorandum Order on July 16, 2014. On October 20, 2014, the Petitioner filed a <u>pro se</u> "Motion Issuance of Subpoena Duces Tecum and Disclosure of All Exculpatory Material and Information" ("Motion for Subpoena and Exculpatory Material"). ECF No. 161. By Order of October 31, 2014, the court denied both the Motion for a New Trial and the Motion for Subpoena and Exculpatory Material, ECF No. 162, neither of which are pertinent to the remaining issue of ineffective assistance of counsel before the court.

Poindexter, 492 F.3d 263, 265 (4th Cir. 2007) (emphasis added). Although Poindexter does not require a petitioner to demonstrate that an appeal would be meritorious, id. at 269, or even advisable, id. at 273, it does place a burden on him to demonstrate that he provided unequivocal instructions to his counsel to file a timely notice of appeal. See id. at 265, 273.

When it is unclear whether the Petitioner unequivocally instructed his attorney to file a timely notice of appeal, the court should hold an evidentiary hearing. See 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto."); United States v. Witherspoon, 231 F.3d 923, 925-27 (4th Cir. 2000) (a hearing is required when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary in order to resolve the issue); see also United States v. Wright, 538 F. App'x 237, 238 (4th Cir. 2013) (vacating the district court's order that denied the petitioner's motion under 28 U.S.C. § 2255, and remanding for an evidentiary hearing on claim of ineffective assistance of counsel for failure to file a notice of appeal where the record showed contradictory

affidavits). Thus, the resolution of this issue turns on the credibility of the defendant and his counsel, United States v. Savva, 166 F. App'x 59, 60 (4th Cir. 2006).

> If his attorney was not so instructed, the court, will have to determine if [the Petitioner] met his burden by showing that: (1) his attorney had a duty to consult under Flores-Ortega; (2) his attorney failed to fulfill his consultation obligations; and (3) he was prejudiced by his attorney's failure to fulfill these obligations.[5]

Poindexter, 492 F.3d at 273.

The duty to consult with the defendant regarding an appeal under Flores-Ortega occurs "when there is reason to believe that either (1) a rational defendant would want to appeal or (2) the defendant reasonably demonstrated to his attorney that he was interested in appealing." Id. at 268 (citing Flores-Ortega, 528 U.S. at 480). Further, in assessing whether an attorney had a constitutional duty to consult with his client, the court should consider several factors, including whether the conviction followed a trial or a guilty plea. See Flores-Ortega, 528 U.S. at 480. "[A] guilty plea reduces the scope of potentially appealable issues and such a plea may indicate that the defendant seeks to end judicial proceedings." Id. Where the defendant has pled guilty, the court must inquire as to whether the defendant "received the sentence bargained for as part of

---

[5] See Roe v. Flores-Ortega, 528 U.S. 470 (2000).

8

the plea and whether the plea expressly reserved or waived some or all appeal rights." Id. Only after the court has considered all the relevant factors can the court "properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal." Id.

The Petitioner submits as Ground One that he received ineffective assistance of counsel because he allegedly asked Mr. Kimball and/ or Ms. Katchmar to file a notice of appeal, and they did not do so. Mem. Supp. at 5.

### III. Analysis

In general, in criminal sentencings like the one at issue here, a notice of appeal must be filed within fourteen (14) days after entry of judgment. Fed. R. App. P. 4(b)(1)(A). The court may extend the time to file a notice of appeal by no more than thirty (30) days if, within thirty (30) days after the time to file the notice of appeal has expired, the court finds excusable neglect or good cause. Id. 4(b)(4). The judgment in the Petitioner's case was entered on June 27, 2012. Any notice of appeal filed after July 11, 2012, would have been untimely. See id. 4(b)(1)(A). Even if the court had found excusable neglect or other good cause, it could not have extended the deadline but

for an additional thirty (30) days to August 11, 2012. See id. 4(b)(4).

At no time after the judgment was entered did the Petitioner file a notice of appeal. Moreover, none of the various pro se submissions by the Petitioner, which began on August 22, 2012, through June 24, 2013, inquire into the status of an appeal. See ECF Nos. 71, 73, 77, 79, 81, 86. The various submissions make several requests of the court, including but not limited to, requests for Brady material, sentencing minutes, statement of reasons, discovery, attorney bar numbers, and police reports, all of which the Petitioner ultimately referenced and utilized in his Motion for Habeas Corpus. A few submissions, however, do mention the Petitioner's desire to file his own direct appeal, which if he had done so, would have nevertheless been untimely. See ECF Nos. 71, 73, 79 (dated August 22, 2012, at the earliest). The only submission wherein the Petitioner ever references defense counsel and an appeal in the same sentence is in a Letter dated December 12, 2012, which was filed five (5) months after the expiration of the time to file a timely notice of appeal. See ECF No. 86.

However, the Petitioner states, under penalty of perjury in both his affidavit and at the evidentiary hearing, that he made this request for an appeal "after sentencing." Pet'r's Revised

Aff. at 1.[6] Specifically, under oath at the evidentiary hearing on November 14, 2014, the Petitioner testified that after sentencing on June 27, 2012, while in the lock-up of the United States Marshal, he requested that Mr. Kimball file a notice of appeal.[7] The Petitioner also made this claim under penalty of perjury in a sworn affidavit, which he submitted to the court. See Pet'r's Revised Aff. at 1. The Petitioner also offers three letters, which the court admitted as exhibits, and which the Petitioner implies support his claim. These letters comprise correspondence from (1) the Petitioner to Mr. Kimball, dated August 29, 2012, and (2) Mr. Kimball to the Petitioner, dated September 4, 2012, and September 21, 2012. See Def.'s Exs. 1, 2, 3. The court has examined the content and substance of these letters and finds that they provide no support for the Petitioner's claim that he requested that Mr. Kimball and/or Ms.

---

[6] Notably, though, in his Memorandum in Support of his Motion for Habeas Corpus, the Petitioner alleges that "[p]rior to sentencing Petitioner requested trial counsel to make formal objections during the sentencing proceeding, and to file a notice of appeal." Mem. Supp. at 5 (emphasis added). The court addressed the timing of this alleged request in the Memorandum Order of July 16, 2014, informing the Petitioner that "at that stage in the proceedings, there was no judgment, and so there would have been nothing to appeal." Mem. Order at 9.
    The Petitioner's subsequent filings addressing this alleged request for an appeal state that he made this request "after sentencing." See Pet'r's First Aff. at 1; Pet'r's Revised Aff. at 1 (emphasis added).

[7] But see supra note 6.

Katchmar file a timely notice of appeal at any time after the sentencing.

The Letter dated August 29, 2012, from the Petitioner to Mr. Kimball, references no appeal and contains no inquiry into the status of any appeal. See Def.'s Ex. 1. The Letter, however, does mention the Petitioner's intent to file a "2255 Motion," which indicates that the Petitioner knew that his time for filing an appeal had already expired. Id. at 2. Further, the Letter from Mr. Kimball to the Petitioner dated September 4, 2012, states that "you told Suzanne that you planned to appeal," Def's Ex. 2 at 2, indicating that the Petitioner himself was planning to appeal, not that he ever requested Mr. Kimball and/or Ms. Katchmar to do so.

Contrary to what the Petitioner alleged in his sworn affidavits and under oath at the evidentiary hearing, Mr. Kimball and Ms. Katchmar stated in a joint sworn affidavit that "at no time before the sentencing on June 27, 2012, did Mr. Ogun advise Mr. Kimball or Ms. Katchmar of a desire to appeal nor did he request that we file a notice of appeal for him." Defense Counsel Aff. ¶ 4. Further, "following the sentencing hearing, Mr. Ogun did not express a desire to appeal nor did he instruct Mr. Kimball or Ms. Katchmar to file a notice of appeal. Id. ¶ 5. This testimony was reiterated at the evidentiary hearing,

wherein Mr. Kimball stated under oath that (1) he did not recall visiting the Petitioner in the lock-up of the United States Marshall after sentencing on June 27, 2012,[8] (2) at no time immediately after sentencing did the Petitioner request him to file a notice of appeal, and (3) if the Petitioner had requested that he file a notice of appeal, Mr. Kimball would have obliged and done so. Moreover, Mr. Kimball stated that the first communication post-sentencing that he received from the Petitioner was a letter that the Petitioner sent to him, which was received on August 6, 2012, forty (40) days after judgment was entered. See Letter, Court Ex. 1. The Letter makes no mention of an appeal, or any inquiry into the status of an appeal. The Letter simply thanks Mr. Kimball for his representation, acknowledges that his representation has concluded, and requests that Mr. Kimball "forward the [Petitioner] all papers in your possession . . . because time is of the essence." Id. The Petitioner's letters to Mr. Kimball were written/mailed/received well after the time to appeal had expired. Consequently, the Petitioner's letters cannot constitute "unequivocal instruction[s] to file a timely notice of appeal." Poindexter, 492 F.3d at 265. Moreover, the letters

---

[8] See infra note 9.

13

completely support Mr. Kimball's testimony and chronology of events.

Ms. Katchmar's testimony under oath at the evidentiary hearing also shows that she received no request to file a timely notice of appeal from the Petitioner. She stated that she met with the Petitioner on June 27, 2012, before the sentencing hearing, and that he voiced no concerns regarding the sentencing.[9] The only instance wherein the Petitioner allegedly raised any issue of an appeal to her was in a phone call that occurred on either August 16, 2012, or August 17, 2012, after the expiration of the time to file a timely notice of appeal.[10] Further, Ms. Katchmar testified that she received numerous emails from the Petitioner after sentencing through the

---

[9] The court notes that during the hearing, or otherwise, the Petitioner never indicated that Ms. Katchmar visited him immediately after sentencing in the lock-up of the United States Marshal, and her testimony was that she does not recall ever visiting with him after sentencing. She did visit him in the lock-up just before sentencing to go over court procedures, and she described that meeting in her testimony at the hearing on November 14, 2014, as "uneventful" with "nothing unusual" occurring.

[10] Ms. Katchmar recalls these dates because she was "second chair" and she reported contact with the Petitioner to Mr. Kimball, as he maintained the case file. Then, Mr. Kimball's letter of September 4, 2012, specifically references the date of August 16, 2012, as the date of the phone call that occurred between the Petitioner and Ms. Katchmar. See Def.'s Ex. 2 at 1. Moreover, Ms. Katchmar testified that she would have referred the phone call to Mr. Kimball to resolve, which testimony again is supported by Mr. Kimball's letter of September 4, 2012, to the Petitioner. See id. at 1, 2.

CorrLinks[11] system, and he made no mention of any desire to appeal, or any inquiry into the status of an appeal.

Based on the credible testimony of Mr. Kimball and Ms. Katchmar, and the exhibits admitted at the hearing, the court unequivocally finds as a fact, beyond any doubt, that the Petitioner did not ask Mr. Kimball and/or Ms. Katchmar to file a timely notice of appeal after sentencing in the Marshal's lock-up or otherwise. Thus, the Petitioner fails in "reasonably demonstrat[ing] to counsel that he was interested in appealing," so the second basis for relief under Flores-Ortega does not apply here. See 528 U.S. at 480.

The court, therefore, turns to the first basis of relief under Flores-Ortega, namely, whether "a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal)," to determine whether defense counsel was required to conduct follow-up consultation with the Petitioner. Id. In this case, (1) the Petitioner pled guilty pursuant to a Plea Agreement under Rule 11(c)(1)(C);[12] (2) he received the

---

[11] CorrLinks is an official email system used by the Bureau of Prisons to allow inmates to communicate with the outside world. Some time after sentencing, Ms. Katchmar agreed to accept the Petitioner's request to communicate with her utilizing this email system. Mr. Kimball did not agree to accept such emails.

[12] See supra note 1 and accompanying text. The court further notes that the voluntariness of the Petitioner's guilty plea was fully

15

sentence bargained for in the Plea Agreement;[13] (3) he waived his right to appeal his sentence in the Plea Agreement at paragraph six (6);[14] and, as concluded above, (4) he did not reasonably demonstrate to either Mr. Kimball and/or Ms. Katchmar that he was interested in appealing. Given these factors, a rational defendant would not seek an appeal. See Flores-Ortega, 528 U.S. at 480 (delineating factors the court should consider in determining whether an attorney has a constitutional duty to consult with a defendant regarding an appeal: (1) whether the defendant's conviction followed a trial or a guilty plea; whether the defendant received the sentence bargained for as part of the plea; and whether the plea expressly reserved or waived some or all appeal rights); United States v. Cooper, 617 F.3d 307, 313 (4th Cir. 2010)(endorsing multi-factor test to "determin[e] whether a rational defendant would have wanted to appeal"). Simply put, defense counsel in this case did not fail to fulfill their constitutional obligations. See Poindexter, 492 F.3d at 273.

---

addressed in the Memorandum Order of July 16, 2014. See Mem. Order at 10-15.

[13] See supra note 2.

[14] This waiver of his right to appeal was made under oath, after full disclosure and review of the Plea Agreement, during the plea colloquy. ECF No. 38.

## IV. Conclusion

The Petitioner (1) did not specifically and unequivocally instruct Mr. Kimball and/or Ms. Katchmar to file a timely notice of appeal after sentencing; (2) did not reasonably demonstrate to defense counsel that he was interested in appealing; and (3) failed to demonstrate any nonfrivolous grounds for an appeal that would warrant any duty on behalf of defense counsel to consult with the Petitioner regarding an appeal. As such, defense counsel's performance was not constitutionally deficient. The Petitioner's failure to show deficient performance independently precludes relief. See Strickland, 466 U.S. at 700.

The Petitioner's claim in Ground One is **DISMISSED**, and the Motion for Habeas Corpus is **DENIED** in its entirety. The Petitioner is **ADVISED** that he may appeal from this Memorandum Opinion and Final Order <u>and</u> the Memorandum Order of July 16, 2014, ECF No. 150, by submitting a written notice of appeal, within sixty (60) days of the date of this Memorandum Opinion and Final Order. He may also now appeal the Order of October 31, 2014, ECF No. 162, by submitting a written notice of appeal, within fourteen (14) days of the date of this Memorandum Opinion and Final Order. The notice(s) of appeal must be submitted to the Clerk of the United States District Court,

United States Courthouse, 2400 West Avenue, Suite 100, Newport News, Virginia, 23607. For the reasons stated herein, and in the Memorandum Order of July 16, 2014, the court declines to issue a certificate of appealability.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Opinion and Final Order to the Petitioner; to Mr. Harmon; to Mr. Kimball and Ms. Katchmar; and to the Assistant United States Attorney at Newport News.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

December 12, 2014